IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4565-L** |
| | § | |
| **CHARLES MATTS AND** | § | |
| **ALL OTHER OCCUPANTS OF 13138** | § | |
| **RUSTIC CIRCLE, BALCH SPRINGS,** | § | |
| **TEXAS 75180,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** the action to County Court at Law No. 1, Dallas County, Texas, from which it was removed.

**I.   Background**

This action arises from a forcible detainer eviction proceeding initiated in Texas state court by Wells Fargo Bank, N.A. ("Plaintiff") against Defendants Charles Matts and All Other Occupants of 13138 Rustic Circle, Balch Springs, Texas, 75180 (collectively, "Defendants"). Defendants, who are proceeding *pro se*, removed the action to federal court. Defendants' Notice of Removal ("Notice") contains inconsistent factual allegations regarding the timing of events that have occurred in the case. For example, Defendants state in their Notice that the case was removed from County Court at Law No. 1, Dallas County, Texas, on November 13, 2012, before Defendants were served with Plaintiff's Original Petition & Forcible Detainer on October 30, 2012, and before the action was

filed by Plaintiff on November 15, 2012, in County Court at Law No. 1. Additionally, Defendants' "Index of Materials Attached to Notice of Removal" refers to a "Notice of Appeal" and an "Original Petition" that, according to the Index, were both filed on October 30, 2012. No Notice of Appeal was actually included in the materials submitted; however, a copy of Plaintiff's Sworn Complaint for Forcible Detainer ("Complaint") was included. Plaintiff's Complaint reflects that the forcible detainer action was originally filed on September 27, 2012, in Justice Court, Precinct No. 1, Place No. 2, Dallas County, Texas. Thus, the appeal to County Court at Law No. 1 was apparently taken by Defendants from a final order or judgment entered against them by the Justice Court. Defendants removed the action based on federal question and diversity jurisdiction. The court considers *sua sponte* whether it has subject matter jurisdiction over this action.

## II.     Standard for Subject Matter Jurisdiction

### A.     General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate*

*Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

    B.    **Federal Question**

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law.) This, of course, is not the only manner in which federal question jurisdiction arises.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted). This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is

**Memorandum Opinion and Order – Page 3**

inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14.  Under *Grable*, federal question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008).  In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted).  "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987).  "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted).  "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted).  In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted).

A "corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). In other words, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law," and such "claim is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

### C.   Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residency' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes

omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**III.   Discussion**

    **A.   Federal Question Jurisdiction**

In *Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009), the Fifth Circuit held that a defendant cannot remove a case to federal court and circumvent jurisdiction of a state county court

in a simple forcible detainer proceeding or suit to evict brought under the Texas Property Code by asserting a possible federal question in an answer and counterclaim. The court in *Stump* reasoned, consistent with the authority cited herein by this court, that "a federal court has original or removal jurisdiction only 'if the federal question appears on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff pleads only a state law cause of action.'" *Stump*, 322 F. App'x at 380 (quoting *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)). The court went on to state, "It is not sufficient for the federal question to be raised in the answer or in the petition for removal." *Stump*, 322 F. App'x at 380 (citing *MSOF Corp.*, 295 F.3d at 490). Thus, although the plaintiff had raised potential federal question claims in her answer and counterclaim, the court stated that it could not consider those claims in determining whether federal question jurisdiction existed. Rather, the court could only consider the state court complaint, which included only a simple claim for eviction under the Texas Property Code and provided no basis for federal question jurisdiction. *Id.* The *Stump* court therefore held that the district court lacked subject matter jurisdiction.

Like *Stump*, Plaintiff's Complaint filed in the state court action includes only a simple forcible detainer claim to evict Defendants from the property at issue, and the alleged federal issue asserted by Defendants was raised for the first time in their Notice. Moreover, Defendants fail to state the basis for the alleged federal claim or issue. Thus, the alleged federal issue relied on by Defendants for federal question jurisdiction was not raised until they filed their Notice, and in essence is nothing more than a defense to the forcible detainer action and judgment entered against Defendants. As stated, a defense that raises a federal claim or issue is insufficient to confer jurisdiction on a district court. *Thompson*, 478 U.S. at 808. Accordingly, the Complaint provides

**Memorandum Opinion and Order – Page 8**

no basis for federal question jurisdiction, and the federal constitutional issue raised in Defendants' Notice and Opposition to Motion to Remand cannot be considered by the court in determining whether removal was proper. *Id.* As no federal question exists, this court may not exercise subject matter jurisdiction over this action on the basis of a federal question.

  B.  **Diversity Jurisdiction**

  Defendants' Notice states that the amount in controversy is $76,000, which is the value of the property at issue. As noted above, the case removed is a forcible detainer action. This and other courts in the Northern District of Texas have consistently held that the amount in controversy in a forcible detainer action is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property. *See, e.g., Wells Fargo Bank NA v. Carson*, 3:11-CV-00963-M(BF), 2012 WL 3454142, at *2 (N.D. Tex. July 23, 2012), *report accepted by* 2012 WL 3518029 (N.D. Tex. Aug. 15, 2012); *Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010); *Federal Nat'l Mortg. Assoc. v. Elliot*, No. 3:10-CV-758-L, 2010 WL 3304240, at *5 (N.D. Tex. Aug. 19, 2010); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038 K, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010). As Defendants are tenants in sufferance under Chapter 24 of the Texas Property Code, the only question regarding jurisdiction is the value of the right to immediate possession or occupancy of the property, not the property's fair market value. Thus, Defendants' allegations regarding the market value of the property are insufficient for purposes of satisfying the amount in controversy.

  Moreover, the court determines that it lacks jurisdiction over this case because Defendants fail to allege or provide any information regarding the parties' citizenship other than to state in conclusory fashion that the civil action is "between citizens of different States." Notice 3. Because

**Memorandum Opinion and Order – Page 9**

there are no allegations setting forth the citizenship of the parties, Defendants have failed to establish both requirements for a court to exercise diversity jurisdiction over this action. Because Defendants have not met their burden in establishing diversity of citizenship, the court cannot exercise such jurisdiction. The court therefore determines that Defendants have failed to meet their burden of establishing subject matter jurisdiction, and that their failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford*, 945 F.2d at 805.

### IV.    Plaintiff's Motion to Remand

As the court was concluding the draft of this order and opinion, it noticed that Plaintiff had filed a motion to remand late in the day on December 12, 2012. At the time Plaintiff filed the motion, the court had already determined that it lacked subject matter jurisdiction and was going to remand the action for this reason. As this action is being remanded *sua sponte*, the court will deny as moot Plaintiff's Motion to Remand.

### V.    Conclusion

For the reasons explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** the action to County Court at Law No. 1, Dallas County, Texas, from which it was removed. The court therefore **denies as moot** Plaintiff's Motion to Remand. The clerk of the court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 13th day of December, 2012.

*[signature]*
Sam A. Lindsay
United States District Judge